IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BRIGETTE KIZA, NYIRANGORORE MUKASINI, SOLANGE MUKEMANA, MARIE MUKARURANGWA, and U.G., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL INSURANCE CO., ALL POINTE INSURANCE AGENCY, PAUL ROBERT HOPKINS, I-XX DOES, and AUTO CLUB COMPANY OF FLORIDA,<br><br>Defendants. | Civil No.: 3:19cv136-RJC-DSC |

## **MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on Defendant Universal Insurance Company's "Motion to Dismiss" (document #14), "Defendant Paul Robert Hopkins' Motion to Dismiss for Lack of Personal Jurisdiction …" (document #16), "Defendant Auto Club Insurance Company of Florida's Motion to Dismiss for Lack of Personal Jurisdiction …" (document #18), and pro se Plaintiffs' "Motion[s] for Leave to File Surrepl[ies]" (documents ##27 and 31), as well as the parties' briefs and exhibits.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). The Court has considered all of the parties' submissions. Accordingly, Plaintiffs' "Motion[s] for Leave to File Surrepl[ies]" (documents ##27 and 31) are granted.

Having fully considered the arguments, the record, and the applicable authority, the Court respectfully recommends that Defendants' Motions to Dismiss be granted as discussed below.

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, this action stems from an automobile collision that occurred on Interstate 95 in Florida. A vehicle driven by Defendant Hopkins struck the vehicle occupied by Plaintiffs. Complaint ¶ 13. The collision was "clearly caused by the recklessness, carelessness and negligence of the defendant Paul Hopkins." (Complaint ¶ 14). "[A]ll of the plaintiffs' losses are and will be due solely to and by reason of the carelessness and negligence of the defendant, Paul Robert Hopkins." (Complaint ¶ 21).

At the time of the collision, Plaintiffs' vehicle was covered under an insurance policy issued by Defendant Universal Insurance Company. The policy provided liability coverage only with minimum limits of $30,000/$60,000 and no physical damage coverage.

Defendant Auto Club Company of Florida is the insurer of Defendant Hopkins' vehicle.

Plaintiffs' claims against both insurance policies were denied.

On March 20, 2019, Plaintiffs filed their pro se Complaint, alleging claims for breach of insurance contract, violation of North Carolina's Unfair and Deceptive Trade Practices Act, breach of the implied covenant of good faith and fair dealing, racial and national origin discrimination in violation of 28 U.S.C. §1981, negligent misrepresentation, civil conspiracy, violations of the Fair Debt Collection Practice Act, 15 U.S.C. §1692 ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and punitive damages.

Defendant Universal has moved to dismiss for failure to state a claim upon which relief can be granted. Defendants Hopkins and Auto Club Insurance Company of Florida have moved to dismiss for lack of personal jurisdiction. Plaintiff has offered no evidence concerning those Defendants' citizenship or activities conducted in or directed at North Carolina.

The parties' Motions are ripe for disposition.

## II. DISCUSSION

**A. Motions to Dismiss for Lack of Personal Jurisdiction**

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the Court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Plaintiffs must show that the exercise of personal jurisdiction over Defendants complies with the forum state's long-arm statute and the constitutional requirements of due process. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Since "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id., citing Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). See also Thomas Centennial Communications Corp., No. 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. December 20, 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310,

316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). Clearly, Defendants Hopkins and Auto Club Insurance Company of Florida have not had continuous and systematic contacts with North Carolina.

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action arising from that defendant's activities in the forum state. The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

As the Fourth Circuit has explained, "our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire

Eng'g. & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012), cert. denied, 133 S. Ct. 846 (2013).

Applying those principles to the jurisdictional facts here, Plaintiffs have not made a prima facie showing that the exercise of personal jurisdiction over Defendants Hopkins and Auto Club Insurance Company of Florida is proper. Defendants did not conduct any activities here. This action does not arise from any activities they directed at North Carolina. The exercise of personal jurisdiction would not be constitutionally reasonable. Consulting Engineers Corp., 561 F.3d at 278. Accordingly, the undersigned respectfully recommends that Defendants Hopkins and Auto Club Insurance Company of Florida's Motions to Dismiss be granted.

**B. Motion To Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293

(4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiffs have failed to plead a plausible claim upon which relief can be granted. Their Section 1981 claim contains only conclusory and speculative allegations of discrimination. Twombly, 550 U.S. at 555 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). The factual allegations supporting their FDCPA and FCRA claims are directed at non-party debt collectors who attempted to collect medical bills resulting from the collision. These allegations do not support recovery against Defendant Universal.

The nexus of Plaintiffs' state law claims is that Defendant Universal has denied liability coverage generally and refused to pay for their medical bills and property damage. Plaintiffs have expressly pled that the accident was solely Defendant Hopkins' fault. The record is clear that the insurance policy provided liability coverage only and did not include comprehensive/collision coverage. Plaintiffs offer nothing more than speculation that Defendant Universal acted improperly in issuing the policy or abiding by the coverage limits.

For those reasons and the other reasons stated in Defendant Universal's briefs, the undersigned respectfully recommends that its Motion to Dismiss be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' "Motion[s] for Leave to File Surrepl[ies]" (documents ##27 and 31) are **GRANTED**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Universal Insurance Company's "Motion to Dismiss" (document #14), "Defendant Paul Robert Hopkins' Motion to Dismiss for Lack of Personal Jurisdiction …" (document #16), and "Defendant Auto Club Insurance Company of Florida's Motion to Dismiss for Lack of Personal Jurisdiction …" (document #18) be **GRANTED** and that the Complaint be **DISMISSED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to pro se Plaintiffs, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: September 9, 2019

David S. Cayer
United States Magistrate Judge