UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00136-RJC-DSC

| | |
|---|---|
| BRIGITTE KIZA, NYIRANGORORE MUKASINI, SOLANGE MUKEMANA, as lawful guardian ad litem of Minor Child U.G., and MARIE MUKARURANGWA, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| UNIVERSAL INSURANCE COMPANY, ALL POINT INSURANCE AGENCY, and DOES I–XXX, | ) ) ) ) |
| Defendants. | ) |

<u>ORDER</u>

**THIS MATTER** comes before the Court on Defendant Universal Insurance Company's motion to dismiss, (Doc. No. 14), Plaintiffs' motion for entry of default, (Doc. No. 21), Plaintiffs' motion for default judgment, (Doc. No. 22), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 32), Plaintiffs' motion for leave to amend their complaint, (Doc. No. 34), and Plaintiffs' motions for judicial notice, (Doc. Nos. 39, 44).

I.  BACKGROUND

On March 20, 2019, Plaintiffs Brigitte Kiza, Nyirangorore Mukasini, Solange Mukemana, as lawful guardian ad litem of minor child U.G., and Marie Mukarurangwa filed their pro se complaint against Universal Insurance Company ("Universal"), All Point Insurance Agency ("All Point"), Auto Club Company of Florida ("Auto Club"), and Paul Robert Hopkins. (Doc. No. 1.) Plaintiffs allege that while

driving on Interstate 95 in Florida, they were in an automobile collision with Hopkins that was "clearly caused by the recklessness, carelessness and negligence of" Hopkins. (Doc. No. 1, ¶ 14.) At the time of the collision, Plaintiffs occupied a vehicle owned and driven by Plaintiff Mukasini, which was covered under an insurance policy issued by Universal. Auto Club is the insurer of Hopkins' vehicle. Plaintiffs bring claims for breach of insurance contract, unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, breach of the implied covenant of good faith, racial and national origin discrimination, negligent misrepresentation, civil conspiracy, violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Fair Credit Reporting Act ("FCRA"), and punitive damages.

On June 21, 2019, Universal filed its motion to dismiss pursuant to Rule 12(b)(6). (Doc. No. 14.) On June 24, 2019, Hopkins and Auto Club each filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim. (Doc. Nos. 16, 18.)

On August 12, 2019, Plaintiffs filed a motion for entry of default and a motion for default judgment as to All Point. (Doc. Nos. 21, 22.)

On September 10, 2019, the Magistrate Judge issued an M&R recommending that the Court grant Universal's motion to dismiss for failure to state a claim and Hopkins' and Auto Club's motions to dismiss for lack of personal jurisdiction. (Doc. No. 32.) On October 9, 2019, Plaintiffs filed a motion for leave to amend their complaint, (Doc. No. 34), and objections to the M&R, (Doc. No. 35).

On July 20, 2020, Plaintiffs, Hopkins, and Auto Club filed a stipulation

2

dismissing with prejudice Plaintiffs' claims against Hopkins and Auto Club, thus mooting Hopkins' and Auto Club's motions to dismiss. (Doc. No. 43.)

Plaintiffs have also filed motions requesting that the Court take judicial notice of the procedural history of this litigation. (Doc. Nos. 39, 44.)

## II. UNIVERSAL'S MOTION TO DISMISS

### A. Standard of Review

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

At the same time, specific facts are not necessary—the complaint need only

3

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### B. Discussion

The M&R recommended that this Court grant Universal's motion to dismiss. With respect to Plaintiffs' claim for racial and national origin discrimination, the M&R concluded that the complaint contains only conclusory and speculative allegations of discrimination. As to Plaintiffs' claims under the FDCPA and FCRA, the M&R found that such claims should be dismissed because they are directed at non-party debt collectors, rather than Universal, who attempted to collect medical bills incurred as a result of the collision. Plaintiffs do not object to the M&R's recommendation as to those claims.

Plaintiffs' state law claims are based on allegations that Universal wrongfully denied liability coverage generally and refused to pay for Plaintiffs' medical bills and

4

property damage. The M&R concluded that Universal had no obligation under the policy to provide coverage. Plaintiffs object that the policy is ambiguous.

The language of the policy is unambiguous and plainly forecloses Plaintiffs' state law claims against Universal. An insurance policy, like any other contract, is ambiguous "when either the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations." Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 723 S.E.2d 744, 748 (N.C. 2012). The policy unambiguously provides only liability coverage for which the insured—Plaintiff Mukasini—becomes legally responsible. Specifically, the policy provides: "We will pay damages for bodily injury or property damage for which any Insured becomes legally responsible because of an auto accident." (Doc. No. 25-1.) As Mukasini has not become legally responsible for bodily injury or property damages from the accident—and because Plaintiffs allege that the accident was solely the fault of Hopkins—Universal is not obligated to provide any coverage under the policy. Therefore, the Court adopts the M&R and grants Universal's motion to dismiss.

## III. PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, the party may amend the pleading within twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). When a plaintiff seeks to amend its complaint more than twenty-one days after service of a responsive pleading or motion, plaintiff must

5

obtain defendant's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). A court may deny a motion to amend based on futility of amendment, prejudice to the moving party, or bad faith. Smithfield Foods, Inc. v. United Food & Commer. Workers Int'l Union, 254 F.R.D. 274, 277 (E.D. Va. 2008).

Plaintiffs seek to amend their complaint to (1) allege that the collision was caused by Mukasini's negligence, rather than Hopkins' negligence, and (2) to add additional parties.

In their original complaint, Plaintiffs repeatedly allege that the accident was caused solely by Hopkins' negligence and recklessness. Plaintiffs continuously reiterate that allegation in their response in opposition to Universal's motion and in their surreply in opposition to Universal's motion.[1] Nevertheless, in their objections to the M&R's recommendation that the Court grant Universal's motion to dismiss, Plaintiffs state: "To make it easier for this case [Mukasini] will now accept her Negligent [sic] and will amend her complaint accordingly." (Doc. No. 35, at 5–6 ("[T]o prevent mischaracterizations and misthis [sic] dispute is in favor of insurance companies while [Mukasini's] family continues to sink [Mukasini] will therefore amend her complaint and recognize her neglect and liability.").) Likewise, in their proposed amended complaint, Plaintiffs allege: "[T]o make it simple [Mukasini] after examination of her policy and the facts surrounding this accident [Mukasini] will

---

[1] (See Doc. No. 24, at 7 ("It is true that a general liability coverage doesn't shield the car itself and driver [sic] medical if the Driver is at fault which is not the case here[.]") and 21 ("Defendant Paul Hopkins failed to exercise due care, and to stop his car and trucked [Mukasini's] car by the back!"); Doc. No. 28, at 12–13, 25 (same).)

6

admit willfully her Neglect thus, her liability to avoid tormenting her own family members." (Doc. No. 36, at 3.)

The above clearly demonstrates that Plaintiffs seek to amend their complaint to allege that Mukasini was negligent in an effort to trigger Universal's coverage obligations under the policy, not because they now believe that to be true. While the Court is sympathetic to Plaintiffs' language barrier and their pro se status, that is neither a valid nor appropriate basis for amendment, but instead supports a finding of bad faith.

Plaintiffs also seek to amend their complaint to add "Presbyterian Hospital/Novant" ("Novant"),[2] Equifax Credit Bureau, and Medical Revenue Service ("MRS") as Defendants. Specifically, Plaintiffs seek to assert an FDCPA claim against Novant and MRS and an FCRA claim against Equifax.

To permissively join defendants more than twenty-one days after a responsive pleading or motion has been served, "a plaintiff must seek leave to amend the complaint under Federal Rule of Civil Procedure 15(a), and the joinder must also satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2)." Fontell v. McGeo UFCW Local 1994, No. AW-09-2526, 2010 U.S. Dist. LEXIS 79826, at *55 (D. Md. Aug. 5, 2010), aff'd, 2011 U.S. App. LEXIS 2976 (4th Cir. Feb. 14, 2011). Rule 20(a)(2) provides that persons may be joined as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

---

[2] Plaintiffs refer to this entity inconsistently in their motion and proposed amended complaint. In some instances, Plaintiffs use "Novant Health Presbyterians," and in other instances, Plaintiffs use "Novant."

7

arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Joinder under the rule is only appropriate when both specific requisites are met: the claims must arise out of the same transaction, series of transactions, or occurrence, and some question of law or fact common to all parties must be present." Grennell v. W.S. Life Ins. Co., 298 F. Supp. 2d 390, 397 (S.D. W. Va. 2004). "There is no clear rule or generalized test in considering whether a set of facts constitute a single transaction or occurrence, and courts have generally adopted a case-by-case approach." Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc., 807 F. Supp. 2d 375, 382 (D. Md. 2011). "The propriety of joinder rests within the sound discretion of the trial court." LHF Prods. v. Does 1-25, No. 3:16cv283, 2016 U.S. Dist. LEXIS 177736, at *12 (E.D. Va. Dec. 22, 2016).

The Court concludes, in its discretion, that joinder of Novant, MRS, and Equifax is not proper. Plaintiffs' remaining claims against All Point—the insurance agent listed on the policy—arise out of the denial of coverage under the policy. Conversely, in their proposed FDCPA claim, Plaintiffs allege that Novant and MRS made harassing phone calls to Plaintiffs to collect payment for medical bills. And in their proposed FCRA claim, Plaintiffs allege that Equifax failed to follow reasonable procedures in preparing consumer reports on Plaintiffs and failed to conduct a reasonable reinvestigation to determine whether the disputed information in Plaintiffs' consumer files is inaccurate. Thus, Plaintiffs' claims against Novant, MRS,

8

and Equifax arise out of different transactions and occurrences than Plaintiffs' claims against All Point.

In addition, Plaintiffs' claims against Novant, MRS, and Equifax do not present a question of law or fact common to their claims against All Point. Plaintiffs' FDCPA claim will require them to prove that Novant and MRS constitute "debt collectors" under the FDCPA and that they engaged Plaintiffs "in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1592d(5). Plaintiffs' FCRA claim will require them to prove that in preparing consumer reports, Equifax did not follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b). Plaintiffs will also have to prove that they disputed information contained in their consumer files and Equifax failed to conduct a reasonable reinvestigation to determine whether the information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A). Plaintiffs' claims against All Point will require them to prove that they are entitled to coverage under the policy. There are simply no common questions of law or fact presented by Plaintiffs' claims against All Point and their claims against Novant, MRS, and Equifax. Therefore, the Court denies Plaintiffs' motion to amend.

### IV. PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure governs Plaintiffs' motions for entry of default and default judgment. "Rule 55 sets forth a two-step process for obtaining a default judgment." Brown v. Prime Star Grp., Inc., No. 3:12-cv-165, 2012 U.S. Dist. LEXIS 141495, at *5 (W.D.N.C. Sept. 30, 2012). A plaintiff must first seek

9

Case 3:19-cv-00136-RJC-DSC Document 45 Filed 08/18/20 Page 9 of 12

an entry of default under Rule 55(a). L & M Cos. v. Biggers III Produce, Inc., No. 3:08-cv-309, 2010 U.S. Dist. LEXIS 46907, at *14 (W.D.N.C. Apr. 9, 2010). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." Brown, 2012 U.S. Dist. LEXIS 141495, at *4.

The record shows that Plaintiffs served process on All Point on May 10, 2019. (Doc. No. 21-1.) As All Point has failed to plead or otherwise defend, entry of default is appropriate.

"After the clerk has entered a default, the plaintiff may seek a default judgment." Silvers v. Iredell Cty. Dep't of Soc. Servs., No. 5:15-cv-00083, 2016 U.S. Dist. LEXIS 13865, at *9 (W.D.N.C. Feb. 3, 2016). Default judgment is proper "only if the well-pleaded factual allegations in a complaint both establish a valid cause of action and entitle the plaintiff to an award of damages or other relief." i play. Inc. v. D. Catton Enter., LLC, No. 1:12-cv-22, 2015 U.S. Dist. LEXIS 29870, at *6 (W.D.N.C. Mar. 10, 2015). In so deciding, courts in this district apply the standard used to evaluate a Rule 12(b)(6) motion to dismiss, and "a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Silvers, 2016 U.S. Dist. LEXIS 13865, at *18–19 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Plaintiffs are not entitled to a default judgment against All Point because the well-pleaded allegations of the complaint fail to establish a valid claim. Plaintiffs' claims against All Point are based on the denial of coverage under the policy. As discussed above, the policy only provides liability coverage for which the insured—Mukasini—becomes legally responsible. As Mukasini has not become legally responsible for bodily injury or property damages from the accident—and because Plaintiffs allege that the accident was solely the fault of Hopkins—there is no coverage under the policy. Therefore, Plaintiffs are not entitled to a default judgment against All Point.

## V. PLAINTIFFS' MOTIONS FOR JUDICIAL NOTICE

Plaintiffs request that the Court take judicial notice of certain aspects of the procedural history of this litigation. Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of adjudicative facts. There is no basis or justification for taking judicial notice of the procedural history of this litigation. Therefore, the Court denies Plaintiffs' motions for judicial notice.

## VI. ORDER TO SHOW CAUSE

As discussed above, Plaintiffs' complaint lacks factual allegations to support any potential claim for relief against All Point. As a result, Plaintiffs are hereby ordered to show cause as to why this action should not be dismissed as to the sole remaining Defendant, All Point. Plaintiffs shall file a response to that effect within **fourteen (14) days** of the date of this Order. Failure to do so will cause the Court to dismiss this case.

## VII. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 32), is **ADOPTED** and Universal's motion to dismiss, (Doc. No. 14), is **GRANTED**;

2. Plaintiffs' motion for entry of default, (Doc. No. 21), is **GRANTED**;

3. Plaintiffs' motion for default judgment, (Doc. No. 22), is **DENIED**;

4. Plaintiffs' motion for leave to amend their complaint, (Doc. No. 34), is **DENIED**;

5. Plaintiffs' motions for judicial notice, (Doc. Nos. 39, 44), are **DENIED**; and

6. Within **fourteen (14) days** of the date of this Order, Plaintiffs shall file a response showing cause as to why this action should not be dismissed as to All Point for failure to state a claim for relief.

Signed: August 18, 2020

Robert J. Conrad, Jr.
United States District Judge